**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUSQUEHANNA LEGAL AID FOR ADULTS AND YOUTH, INC., et al., | : | |
| Plaintiffs | : | |
| v. | : | No. 5:26-cv-07180 |
| NORTH PENN LEGAL SERVICES, INC., et al., | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

North Penn Legal Services, Inc., by and through its counsel, McNees Wallace & Nurick LLC, respectfully submits the following Memorandum of Law in Support of Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement pursuant to Rules 12(b) and 12(e).

## I. Preliminary Statement

This action is an example of impermissible pleading that disregards the fundamental requirements of the Federal Rules of Civil Procedure. Plaintiffs Susquehanna Legal Aid for Adults and Youth, Inc. ("SLAAY") and its founder and counsel, Paige Martineau, commenced this action with a 43-page Complaint against more than thirty named defendants and 50 Doe

defendants. (Doc. 1). On November 19, 2026, Plaintiffs filed a 115-page Amended Complaint that expands the action to more than eighty named defendants and 200 Doe defendants and asserts 738 numbered 'Causes of Action.' (Doc. 14). Plaintiffs then supplemented the Amended Complaint with a 596-page exhibit of 'Supplemental Factual Allegations' that purports to expand the factual basis for Causes of Action 176 through 738. (Doc. 14-1). Plaintiffs have also filed a series of emergency motions, including a motion directed at Defendant North Penn Legal Services, Inc. that is supported by exhibits exceeding 7,000 pages, which Plaintiffs incorporate by reference into their other filings. (Docs. 2, 6, 7, 15, 16, 17, 18). The Amended Complaint itself acknowledges that Attorney Martineau previously filed an 'identical complaint' in the Middle District of Pennsylvania. (Doc. 14 ¶ 10). Attorney Martineau has also filed a companion action in this District against North Penn on behalf of an individual client, Lori Grohol, asserting overlapping claims and drawing on the same materials.[1]

These submissions violate Federal Rule of Civil Procedure 8(a)(2), which mandates a 'short and plain statement of the claim,' and Rule 8(d)(1),

[1] *Grohol v. North Penn Legal Services, Inc.*, No. 5:26-cv-08310 (E.D. Pa.). Plaintiff's exhibit index confirms that the exhibits supporting Plaintiffs' motion against North Penn were 'distributed and filed to Grohol v. NPLS.' (Doc. 7 at 10). The Grohol complaint purports to assert claims 'individually and on behalf of all other similarly situated.'

which requires allegations to be 'simple, concise, and direct.' By lumping more than eighty defendants together across hundreds of pages of mixed facts, evidentiary submissions, and legal conclusions, Plaintiffs deprive Defendant North Penn Legal Services, Inc. ("North Penn") of fair notice of the specific claims against it.

Neither the Court nor North Penn are required to sift through hundreds of pages of chaotic allegations and thousands of pages of attachments to speculate about potential liability. Accordingly, the Amended Complaint should be dismissed under Rules 8 and 12(b)(6), with leave to file a second amended complaint within 28 days. In the alternative, the Court should grant relief under Rule 12(e) and order Plaintiff to serve a more definite statement within 14 days.

## II. Background

Plaintiffs commenced this action by filing a 43-page Complaint on September 16, 2026 against North Penn, Bucknell University, the United States District Court for the Middle District of Pennsylvania, and more than 30 other named defendants, as well as John and Jane Does. (Doc. 1). The Complaint asserted counts numbered 1 through 16, including claims for First Amendment retaliation, fraud, defamation, civil conspiracy, and civil RICO, along with a request for a declaratory judgment that fifteen 'structural

delegations' of state authority governing the legal profession are unconstitutional. (*Id.*). SLAAY is a nonprofit corporation that Attorney Martineau formed and operates as its Executive Director and Attorney Martineau appears as both Plaintiff and counsel. (*Id.* ¶ 20).

Previously, Attorney Martineau brought a 63-count complaint on behalf of herself and her organization in the Middle District against 19 defendants on October 3, 2025, which that Court dismissed on October 15, 2025.[2] The claims in all of these actions, past and present, arise primarily from Attorney Martineau's former employment with North Penn, which ended in December 2021, and her resulting disputes with other parties in north-central Pennsylvania.

On November 19, 2026, Plaintiffs filed a 115-page Amended Complaint 'as right' under Rule 15(a)(1)(A). (Doc. 14). North Penn was never served with the Amended Complaint and learned of it only by reviewing the docket. The Amended Complaint retains the original counts, redesignated as Causes of Action 1 through 175, and adds Causes of Action 176 through 738, together with additional claims. The Amended Complaint also expands the

[2] *Paige Martineau, et al. v. American Bar Association, et al.,* 4:25-cv-01848 (MD Pa).

Doe defendants from 50 to 200. (*Id.* ¶ 295). The claims arise primarily from Attorney Martineau's former employment with North Penn, which ended with her resignation in December 2021, and her resulting disputes with other parties in north-central Pennsylvania. (Id. ¶¶ 3, 70–76; Doc. 7 ¶ 20).

The Amended Complaint represents an extraordinary departure from standard pleading practices. Plaintiffs bring this action against more than 80 named defendants, including the American Bar Association, the Pennsylvania General Assembly, the Supreme Court of Pennsylvania, the United States Congress, the United States Court of Appeals for the Third Circuit, the United States District Court for the Middle District of Pennsylvania, the Secretary of the Treasury, and numerous state and federal judges, among others. (Doc. 14 at 1–2).

The Amended Complaint asserts 738 numbered causes of action, ranging from common-law tort claims to claims under RICO, Titles VI, VII, and IX, the Americans with Disabilities Act, the False Claims Act, the Pennsylvania Whistleblower Law, and federal antitrust law. (Doc. 14 ¶¶248-62, 346-908). Most of the added causes of action consist of a single conclusory sentence that names one defendant and alleges, in the alternative, that the defendant either committed the wrong or conspired with others to do so. (*Id.* ¶¶ 345-908). The Amended Complaint also advances

legal theories without support in the law, including that all 'laws written by lawyers,' among them the rules of procedure, the American Rule, and judicial immunity doctrines, should be declared unenforceable, and Plaintiffs ask the Court to declare that it is unconstitutional to apply Rule 8 to limit the number of claims a party may bring. (*Id.* ¶¶ 284–90; Doc. 14-1 ¶ 7).

Rather than providing concise factual statements, the Amended Complaint incorporates 'all preceding paragraphs' into each count and incorporates the entire Amended Complaint, including 'its foregoing factual narrative, prior claims, and incorporated exhibits,' into each of Causes of Action 176 through 738. (Doc. 14 ¶¶ 69, 104, 344). Plaintiffs then filed a 596-page exhibit of 'Supplemental Factual Allegations,' which they describe as expanding the factual basis for causes of action that 'the operative complaint pleads in condensed form.' (Doc. 14-1 ¶¶ 1-3). Plaintiffs' emergency motions add further layers, including a motion against North Penn supported by exhibits of 5,500, 874, and 644 pages, which Plaintiffs expressly incorporate by reference into their motion against Bucknell University. (Docs. 7, 7-1, 7-2, 7-4; Doc. 16 at 2). The result is a rapidly shifting mix of factual assertions, legal conclusions, and extensive evidentiary material spread across multiple filings.

The Amended Complaint fails to delineate which counts or underlying facts apply to North Penn as opposed to its more than eighty co-defendants. North Penn is named in dozens of causes of action, many of which allege in the alternative that North Penn either committed a wrong or conspired with others to procure it. (*See, e.g.*, Doc. 14 ¶¶ 345, 351, 353, 363, 412, 593, 637, 869, 904). Consequently, Plaintiffs have not provided a short, plain, or direct statement of any claim, making it impossible to discern the factual basis of this lawsuit or to frame a responsive pleading.

## III. Statement of Questions Involved

**A. Whether this Court should grant Defendant's Motion to Dismiss.**

**Suggested Answer: Yes.**

**B. Whether this Court should grant, in the alternative, Defendant's Motion for a More Definite Statement.**

**Suggested Answer: Yes.**

## IV. Argument

### A. Standards of Review.

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the complaint's well-pleaded factual allegations as true, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, '[f]actual allegations must be enough

to raise a right to relief above the speculative level.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Iqbal*, 556 U.S. at 678.

Under Rule 12(e), '[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.' A Rule 12(e) motion 'must point out the defects complained of and the details desired.' Although such motions are disfavored, they are proper in 'the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.' *Wadhwa v. Sec'y, Dep't of Veterans Affs.*, 505 F. App'x 209, 214 (3d Cir. 2012) (per curiam) (quoting *Schaedler v. Reading Eagle Publ'n Inc.*, 370 F.2d 795, 798 (3d Cir. 1967)).

**B. Rule 8 Pleading Requirements.**

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Additionally, Rule 8(d)(1) requires that '[e]ach allegation must be simple, concise, and direct.' Although some pleadings will naturally

be longer and more complex than others, every pleading in federal court must comply with these basic requirements. *See Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019).

Complaints that assert numerous claims against numerous defendants often earn the moniker 'shotgun pleadings.' A complaint qualifies as a shotgun pleading when the plaintiff brings 'multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.' *Jefferson v. Abbington Jefferson Hosp.*, No. 24-CV-4762, 2025 WL 1194479, at *2 (E.D. Pa. Apr. 24, 2025) (citing *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021). Courts regularly dismiss shotgun pleadings. *See Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017).

The fundamental purpose of Rule 8 is to give the opposing party fair notice of the claims asserted against it and the factual grounds on which those claims rest. *See Twombly*, 550 U.S. at 555; *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Compliance with Rule 8 ensures that defendants can meaningfully frame an answer or file an appropriate motion under Rule 12, while protecting the Federal Rules' emphasis on 'clarity and brevity.' *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996).

A complaint that is rambling and largely unintelligible fails to satisfy the 'short and plain statement' requirement. *See Rhett v. N.J. State Superior Ct.*, 260 F. App'x 513, 515 (3d Cir. 2008). Neither the court nor opposing counsel is required to wade through redundant assertions, unorganized evidence, or speculative narratives to distill potential causes of action.

**C. The Amended Complaint Should be Dismissed Under Rules 8 and 12(b)(6).**

When confronted with an initial complaint that is of 'unwieldy length' and is also 'largely unintelligible,' courts have treated dismissal without prejudice, with leave to amend, as an appropriate initial remedy. *See Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007). Furthermore, Rule 8 dismissal is likewise proper for complaints leaving 'the defendants having to guess what of the many things discussed constituted [a cause of action.]' *Binsack v. Lackawanna County Prison*, 438 F. App'x 158, 160 (3d Cir. 2011).

Here, Plaintiffs' Amended Complaint and its 596-page supplement span more than 700 pages and assert 738 causes of action against more than eighty named defendants and 200 Doe defendants. The Amended Complaint incorporates every preceding allegation, claim, and exhibit into each cause of action, and Plaintiffs' emergency motions add thousands of

pages of raw evidentiary exhibits, which Plaintiffs incorporate by reference into one another.

This is the quintessential shotgun pleading. Each defendant is left to guess which of the multitude of counts, pages, and attachments are meant to apply to it. Neither a defendant nor the court should be forced to navigate a labyrinth to identify a viable claim. Dismissal without prejudice under Rules 8 and 12(b)(6), with leave to file an amended complaint within twenty-eight days, is warranted.

### D. Alternative Request for a More Definite Statement under Rule 12(e).

If the Court declines to dismiss this action, North Penn alternatively moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

Here, Plaintiffs' 738 causes of action and more than 700 pages of allegations render it impossible for North Penn to frame an answer or assert applicable defenses. Sifting through the overwhelming deluge of information to guess liability imposes an insurmountable procedural burden. Accordingly, if the Amended Complaint is not dismissed, Plaintiffs should be ordered to file and serve a more definite statement within 14 days that identifies each claim asserted against North Penn and the facts supporting it.

## V. Conclusion

For the foregoing reasons, Defendant North Penn Legal Services, Inc. respectfully requests that the Court grant its Motion and dismiss the Amended Complaint without prejudice under Rules 8 and 12(b)(6), with leave to file a second amended complaint within twenty-eight days, or, in the alternative, order Plaintiffs to file a more definite statement under Rule 12(e) within fourteen days.

**McNEES WALLACE & NURICK LLC**

By: *<u>/s/ Schaun D. Henry</u>*

Schaun D. Henry (PA 80597)
Josiah A. Montgomery (PA 340083)
100 Pine Street, P. O. Box 1166
Harrisburg, PA 17108-1166
Tel: (717) 232-8000
Fax: (717) 237-5300
Schaun.Henry@mcneeslaw.com
Josiah.Montgomery@mcneeslaw.com

Date: November 25, 2026

*Attorneys for Defendant North Penn Legal Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this date, I served the foregoing document by Notice of Docket Activity sent automatically by CM/ECF upon counsel who are registered as CM/ECF filing users who have consented to accepting electronic service through CM/ECF.

**McNEES WALLACE & NURICK LLC**

By: */s/ Schaun D. Henry*

Schaun D. Henry (PA 80597)
Josiah A. Montgomery (PA 340083)
100 Pine Street, P. O. Box 1166
Harrisburg, PA 17108-1166
Tel: (717) 232-8000
Fax: (717) 237-5300
Schaun.Henry@mcneeslaw.com
Josiah.Montgomery@mcneeslaw.com

Date: November 25, 2026

*Attorneys for Defendant North Penn Legal Services, Inc.*